IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
Civil Division

KATRINA MADDREY  \*
4812 College Avenue, #A4
College Park, MD 20740  \*

    Plaintiff,  \*

v.  \*

WASHINGTON METRO AREA  \*
TRANSIT AUTHORITY
600 5th Street, NW  \*
Washington, DC 20001

    \*           CAL20-19961

    Serve on:
    General Council  \*    Case No.:
    600 5th Street, NW
    Washington, DC 20001  \*

And  \*

VIII PGS OWNER, LLC  \*
d/b/a Metro Shops
160 Greentree Drive, Suite 101  \*
Dover, DE 19904

    \*

    Serve on:
    National Registered Agents, Inc.  \*
    2405 York Road
    Suite 201  \*
    Lutherville Timonium, MD 21093
    \*

    Defendants
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW Plaintiff, Katrina Maddrey, by and through her undersigned attorneys, Stephen N. Caramenico, Esq. and Malloy Law Offices, LLC, sues Defendants, Washington Metro Area Transit Authority (*hereinafter* "WMATA"), and VIII PGS Owner, LLC (*hereinafter* "PGS"), and for cause states:

1

## PARTIES

1. Plaintiff is an adult resident of Prince George's County City, Maryland.

2. Upon information and belief Defendant, WMATA, is a governmental agency operating and owning property in Prince George's County City, Maryland.

3. Upon information and belief Defendant, PGS, is a private limited liability company that conducts business in Prince George's County, Maryland, and headquartered in Dover, Delaware.

4. All events giving rise to this complaint occurred at Belcrest Center at Prince George's Plaza located at 2900 Belcrest Center Drive in Hyattsville, MD 20782 (*hereinafter* "Premises")

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to Maryland Courts and Judicial Proceedings Code Ann. §6-103 (2013).

6. Venue is proper in this judicial district and division pursuant to Maryland Courts and Judicial Proceedings Code Ann. §6-202 (2013).

## COUNT I
### Negligence
### (Katrina Maddrey v. WMATA)

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully restated.

8. On July 15, 2018, Plaintiff was walking at or around Metro Shops located at 2900 Belcrest Center Drive in Hyattsville, Maryland, when she tripped and fell through an open grate in the ground.

9. The area next to the grate is a public walkway in the Prince George's County City.

10. WMATA is responsible for the maintenance and upkeep of the property it owns.

11. That at all times material hereto, Defendant WMATA owed duties to Plaintiff including but not limited to:

(a) Properly and prudently warning all members of the public and foreseeable pedestrians on premises, that a potentially unsafe hazard existed at all times material hereto;

(b) Posting and/or providing proper visible notice available to all members of the public and foreseeable pedestrians on premises, stating that a potentially unsafe hazard existed at all times material hereto;

(c) Properly inspecting the area around the potentially unsafe hazard;

(d) Properly maintaining the premises and surrounding areas of the sidewalk in a safe and prudent manner as to avoid injuries such as that suffered by Plaintiff.

(e) Maintaining a safe environment at the sidewalk for people foreseeably encountering the hazard;

(f) Hiring competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises;

(g) Training competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises at all times material hereto; and,

(h) Not creating an unnecessary risk of danger to Plaintiff.

12. The injuries and damages stated herein were caused by and were the direct and proximate result of the negligence, willfulness and wantonness of Defendant, generally and in the following particulars:

(a) In failing to properly and prudently all members of the public and foreseeable pedestrians at the premises, that a potentially unsafe hazard existed at all times material hereto;

3


    (b) In failing to post and/or provide proper visible notice available to all members of the public and foreseeable pedestrians at the premises, stating that a potentially unsafe hazard existed at all times material hereto;

    (c) In failing to properly inspect the area around the potentially unsafe hazard;

    (d) In failing to properly maintain the premises and the surrounding areas in a safe and prudent manner as to avoid injuries such as that suffered by Plaintiff;

    (e) In failing to maintain a safe environment at the sidewalk for people foreseeably encountering the hazard;

    (f) In failing to hire competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises and surrounding areas;

    (g) In failing to train competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises at all times material hereto; and,

    (h) In creating an unnecessary risk of danger to Plaintiff.

13.    As a direct and proximate result of the aforesaid negligence, Plaintiff was caused to fall and sustained injury to all parts of her body, suffered and will suffer great pain of body and mind, and incurred and will incur medical and out-of-pocket expenses, as well as missed wages.

WHEREFORE, the premises considered, Plaintiff demands judgment against the Defendant, Washington Metro Area Transit Authority, jointly and severally, an amount not exceeding seventy-five thousand dollars ($75,000.00), for damages in addition to together with the costs of this action and such other relief as is deemed just and proper.

## COUNT II
### Negligence
### (Katrina Maddrey v. PGS)

14. Paragraphs one (1) through thirteen (13) are incorporated by reference as if fully restated.

15. On July 15, 2018, Plaintiff was walking at or around Metro Shops located at 2900 Belcrest Center Drive in Hyattsville, Maryland, when she tripped and fell through an open grate in the ground.

16. The area next to the grate is a public walkway in the Prince George's County City.

17. PGS is responsible for the maintenance and upkeep of the property it operates and controls.

18. That at all times material hereto, Defendant PGS owed duties to Plaintiff including but not limited to:

(a) Properly and prudently warning all members of the public and foreseeable pedestrians on premises, that a potentially unsafe hazard existed at all times material hereto;

(b) Posting and/or providing proper visible notice available to all members of the public and foreseeable pedestrians on premises, stating that a potentially unsafe hazard existed at all times material hereto;

(c) Properly inspecting the area around the potentially unsafe hazard;

(d) Properly maintaining the premises and surrounding areas of the sidewalk in a safe and prudent manner as to avoid injuries such as that suffered by Plaintiff.

(e) Maintaining a safe environment at the sidewalk for people foreseeably encountering the hazard;

(f) Hiring competent and capable agents, servants and/or employees who could properly

and prudently maintain the safety of the premises;

(g) Training competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises at all times material hereto; and,

(h) Not creating an unnecessary risk of danger to Plaintiff.

19. The injuries and damages stated herein were caused by and were the direct and proximate result of the negligence, willfulness and wantonness of Defendant, generally and in the following particulars:

(a) In failing to properly and prudently all members of the public and foreseeable pedestrians at the premises, that a potentially unsafe hazard existed at all times material hereto;

(b) In failing to post and/or provide proper visible notice available to all members of the public and foreseeable pedestrians at the premises, stating that a potentially unsafe hazard existed at all times material hereto;

(c) In failing to properly inspect the area around the potentially unsafe hazard;

(d) In failing to properly maintain the premises and the surrounding areas of the store in a safe and prudent manner as to avoid injuries such as that suffered by Plaintiff;

(e) In failing to maintain a safe environment at the sidewalk for people foreseeably encountering the hazard;

(f) In failing to hire competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises and surrounding areas;

(g) In failing to train competent and capable agents, servants and/or employees who could properly and prudently maintain the safety of the premises at all times material hereto; and,

(h) In creating an unnecessary risk of danger to Plaintiff.

20. As a direct and proximate result of the aforesaid negligence, Plaintiff was caused to fall and sustained injury to all parts of her body, suffered and will suffer great pain of body and mind, and incurred and will incur medical and out-of-pocket expenses, as well as missed wages.

WHEREFORE, the premises considered, Plaintiff demands judgment against the Defendant, VIII PGS Owner, LLC, jointly and severally, an amount not exceeding seventy-five thousand dollars ($75,000.00), for damages in addition to together with the costs of this action and such other relief as is deemed just and proper.

Respectfully submitted,

Stephen N. Caramenico, Esq. (011778)
#1112130152
Malloy Law Offices, LLC
7910 Woodmont Avenue, Suite 1250
Bethesda, MD 20814
T: (202) 464-0727
F: (888) 607-8691
Stephen@malloy-law.com
*Attorney for Plaintiff*